**Anthony TORRES, Plaintiff,**

v.

**Beverly GRUNKMEYER and Russ Donley, in their official capacities, Defendants.**

**No. C84–0046–B.**

United States District Court,
D. Wyoming.

May 17, 1984.

Stephen L. Pevar, American Civil Liberties Union, Denver, Colo., Richard Wolf, Cheyenne, Wyo., for plaintiff.

John R. Hursh, Riverton, Wyo., for defendants.

## ORDER DENYING MOTION TO DISMISS

BRIMMER, Chief Judge.

The plaintiff has sued the Speaker of the Wyoming House of Representatives and one of its legislative clerks, as individuals and in their official capacity, under 42 U.S.C. § 1983 because his application for employment as a janitor for the State Legislature was rejected for purely political reasons. Defendants moved to dismiss the

Complaint under Rule 12(b)(6), Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. Defendants have not chosen to treat their motion as one for summary judgment and instead assert that the actions of the defendants were absolutely immune. Defendants also claim that this is a suit against the State of Wyoming which is barred under the Eleventh Amendment to the United States Constitution.

■ The defendants' claims of immunity for the State of Wyoming under the Eleventh Amendment are without merit. The State is not an indispensable party, because the defendants were sued in their individual as well as their official capacities. We note that the Attorney General of Wyoming is not defending the case, thereby indicating a lack of involvement by the State on account of the official capacity in which defendants were sued.

■ Since 1951 it has been clear that state legislators, when acting within the traditional spheres of legislative activity, are immune from suit for damages and that the tradition of legislative immunity was not overturned by the enactment of the Civil Rights Act of 1871. *Tenney v. Brandhove*, (1951), 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019, rehearing denied 342 U.S. 843, 72 S.Ct. 20, 96 L.Ed. 637. The Supreme Court in 1980 extended that holding in *Supreme Court of Virginia v. Consumers Union of United States, Inc.* (1980), 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 to Section 1983 actions for injunctive relief, holding that the immunity of state legislators from Section 1983 actions seeking damages was equally applicable to actions seeking declaratory or injunctive relief. That immunity applies not only to a legislator but also to his aide, insofar as the aide's services would be immune legislative conduct, if performed by the legislator himself. *Gravel v. U.S.*, (1972), 408 U.S. 606 at 622, 92 S.Ct. 2614 at 2625, 33 L.Ed.2d 583. State legislators, of course, are immune to the same extent as their federal counterparts from suit for damages or injunctive relief based on their activities within the traditional sphere of legislative activity. *Star Distributors v. Marino* (1980 CA 2), 613 F.2d 4.

Just what is the scope of the immunity for acts within the "traditional spheres of legislative activity" is not clear. The *Tenney* Court did not discuss that scope extensively, nor did the Court in *Consumers Union* or any of the other cases. In *Davis v. Passman* (1978), 442 U.S. 228 at 246, 99 S.Ct. 2264 at 2277, 60 L.Ed.2d 846, involving the hiring policies of a member of the United States House of Representatives, the Court held that a cause of action existed against a former Congressman, if his actions were not shielded by the Speech or Debate Clause, quoting from *Gravel v. U.S.* that "legislators ought... generally to be bound by [the law] as are ordinary persons."

In *Gravel* the Court said, "Legislative acts are not all-encompassing. The heart of the Clause is speech or debate in either House. Insofar as the Clause is construed to reach other matters, they must be an integral part of the deliberations and communicative processes by which Members participate..."

The Court in *United States v. Johnson* (1965), 383 U.S. 169, 86 S.Ct. 749, 15 L.Ed.2d 681, where a former Congressman was convicted on several counts of violating conflict of interest statutes, held that the Speech or Debate Clause privilege "will be read broadly to effectuate its purposes" and foreclosed inquiry into the content and motives of a congressional speech. The Court, however, held that the Congressman could be tried on conspiracy charges involving an attempt to exert influence upon the Department of Justice to obtain dismissal of pending indictments, without any reference to the making of the congressional speech. The Court in *United States v. Brewster* (1972), 408 U.S. 501, 92 S.Ct. 2531, 33 L.Ed.2d 507, where a U.S. Senator

was prosecuted for accepting a bribe in exchange for a promise relating to an official act, said in discussing *U.S. v. Johnson,* "A legislative act has consistently been defined as an act generally done in Congress in relation to the business before it." Chief Justice Burger noted that Congressmen engage in many other activities, "political in nature rather than legislative," not covered by the Speech or Debate Clause protection which "the Court has regarded...as reaching only those things 'generally done in a session of the House by one of its members in relation to the business before it', ... or things 'said or done by him, as a representative, in the exercise of the functions of that office.'" The Court concluded that acceptance of a bribe was not a legislative act, and that the Speech or Debate Clause immunity "does not prohibit inquiry into activities that are casually or incidentally related to legislative affairs but not a part of the legislative process itself." It is obvious that whether or not an act is within a traditional area of legislative activity must depend upon the facts of the case.

■ Here the Court has before it only the facts alleged in the Complaint. We do not know what, if any, rationale may exist to justify the alleged refusal to hire plaintiff on political grounds, or whether or not there is some reasonable factual basis for claiming that such actions were "done...as a representative in the exercise of the functions of that office." Without more before us than the bare allegations of the Complaint, the Motion to Dismiss must be denied. Until a factual presentation is made, either by Motion for Summary Judgment or upon a trial of disputed facts, the factual issue of the scope of the "traditional *spheres* of legislative activity" cannot be resolved.

The defendants shall have ten (10) days within which to answer the Complaint of the plaintiff on file herein. Each of the parties may have sixty (60) days from this date in which to conduct such discovery as they deem necessary upon the factual issues raised by the pleadings. Within said sixty (60) day period the defendants may, if they choose, file a Motion for Summary Judgment supported by such factual presentation and brief of the law as they deem necessary. The plaintiff shall have ten (10) days from the date of receipt thereof in which to respond thereto, with counter-affidavits and brief, pursuant to Rule .56 of the Federal Rules of Civil Procedure. If oral argument is required, either the parties may apply to the Court for oral argument upon such Motion for Summary Judgment. No trial date shall be set until after its disposition. If neither party requests oral argument, the Court will decide such motion on the basis of the pleadings, affidavits or depositions, and the briefs.

Finally, the question will arise as to the scope of the discovery to be engaged in by the parties. The general guidelines of the Court in *Gravel* should give guidance to the parties. It is essential that the Court have the facts relating to the number of janitors, the reasons for hiring them, the specific duties assigned to them, and the reasons for requiring membership in a political party. Offhand, it would appear that such inquiry does not invade the legislative immunity of defendants.

It therefore is

ORDERED that the defendants' Motion to Dismiss be denied, without prejudice to the rights of the defendants to raise those issues by motion for summary judgment.